UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0573 AG (ANx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | FIDELITY BROKERAGE SERVICES LLC v. DEAN HEIMBACH | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REGARDING EX PARTE APPLICATIONS**

On April 10, 2013, Plaintiff Fidelity Brokerage Services LLC ("Fidelity" or "Plaintiff") filed the following three ex parte applications: (1) Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction ("TRO Application") (Dkt. No. 4), (2) Ex Parte Application for Leave to File Oversize Brief ("Page-Limit Application") (Dkt. No. 12), (3) Ex Parte Application to Seal Certain Declarations ("Sealing Application") (Dkt. No. 15).

**1.  Plaintiff's TRO Application**

Plaintiff's TRO Application seeks immediate entry of a temporary restraining Order ("TRO") to stop Defendant Dean Heimbach ("Defendant") from using Fidelity customer information to improperly solicit Fidelity customers and an order to show cause why a preliminary injunction should not issue.

"Ex Parte motions are rarely justified . . . ." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Ex parte relief should only be granted if the evidence shows "that the moving party's cause will be irreparably prejudiced if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0573 AG (ANx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | FIDELITY BROKERAGE SERVICES LLC v. DEAN HEIMBACH | | |

underlying motion is heard according to regular noticed motion procedures.  *Id*; *see also Fuentes v. Shevin*, 407 U.S. 67, 80-82 (1972) (due process requires that affected parties "are entitled to be heard" following "meaningful" notice, except in "extraordinary situations"); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337, 339-40 (1969) ("the right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest"). This is especially true when the ex parte matter takes the form of a temporary restraining order.  The moving party seeking a temporary restraining order must demonstrate a significant threat of irreparable injury.  *See Carribean Marine Services Co. v. Baldbridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm . . . a plaintiff must demonstrate immediate threatened injury . . . .").

Here, Plaintiff asserts that since Defendant resigned from Fidelity on December 13, 2012, Defendant has used confidential customer information to solicit Fidelity's customers on behalf of his new employer.  (TRO App'n, at 3.)  Plaintiff claims that Defendant's alleged conduct causes Plaintiff harms that includes disclosure of trade secret customer information, loss of confidence and trust of clients, and loss of goodwill and business reputation.  (TRO Application, at 5.)  But Plaintiff's asserted harms fail to justify the extraordinary relief of a TRO.

Plaintiff also claims that a TRO is appropriate because "[w]ithout the necessary injunctive relief, Fidelity would have to proceed before FINRA on a standard track arbitration, which would take a year or more."  (TRO App, at 2-3.)  But Plaintiff has failed to establish that any potential harm accompanying such a delay could not be addressed by a preliminary injunction.

Plaintiff has been aware of Defendant's alleged conduct since at least March 18, 2013. (TRO Application, at 3.)  Still, Plaintiff waited over three weeks to file this Application. Plaintiff's delay further demonstrates that sufficient grounds do not exist to grant Plaintiff's TRO Application.

Plaintiff has failed to demonstrate why a TRO should issue.  The request for a TRO is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0573 AG (ANx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | FIDELITY BROKERAGE SERVICES LLC v. DEAN HEIMBACH | | |

DENIED.  The Court GRANTS the requested Order to Show Cause why a preliminary injunction should not issue.

## 2.  Plaintiff's Page-Limit Application

Fidelity requests that it be allowed to file a Memorandum in Support of its TRO Application that is 12 pages in excess of the Local Rule's 25-page limit.  Fidelity states that the extra pages are needed to "properly and adequately inform the Court of the facts and address all applicable law."  (Page-Limit Application, at 2.)

Although the Court is skeptical of Plaintiff's claim that the page limit found to be appropriate in this District is not sufficient and should not apply to it, the Court GRANTS Plaintiff's request.  But Plaintiff is warned that future page-limit extensions will be granted only with a showing of good cause.

## 3.  Plaintiff's Sealing Application

Plaintiff seeks an order permitting it to file unredacted versions of four declarations in support of its TRO Application.  Plaintiff argues that sealing is appropriate because the declarations contain trade secret customer information that would cause competitive harm if disclosed and that such disclosure may invade the privacy of its customers.  (Sealing Application, at 7.)

But the Court finds that there is no need to file these unredacted declarations at this time. The corresponding redacted versions, filed with the TRO Application provide sufficient information for the Court to evaluate Plaintiff's request for injunctive relief.  In fact, it is not clear to the Court why any of the alleged sensitive information needs to be provided to support Plaintiff's claims.  Further, as indicated on this Court's webpage, Plaintiff is encouraged to request sealing only when necessary.

The Court thus DENIES Plaintiff's Sealing Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-0573 AG (ANx) | Date | April 11, 2013 |
|---|---|---|---|
| Title | FIDELITY BROKERAGE SERVICES LLC v. DEAN HEIMBACH | | |

## DISPOSITION

The Court DENIES Plaintiff's request for a TRO.  The Court GRANTS Plaintiff's request for an order to show cause why a preliminary injunction should not issue.  The matter will be heard on April 29, 2013, at 10:00 a.m.  Defendant may file an opposition no later than April 22, 2013.  Plaintiff may file a Reply no later than April 24, 2013.  The Court GRANTS Plaintiff's Page-Limit Application.  The Court DENIES Plaintiff's Sealing Application and ORDERS the documents returned to counsel. Counsel shall contact the Clerk by email at AG_Chambers @cacd.uscourts.gov, in order to arrange for the pick-up of the documents. Plaintiff shall immediately provide Defendant notice of this Order.

_____ :   0

Initials of
Preparer          enm