# Exhibit 1

DocuSign Envelope ID: 608EE0A0-7751-4BE2-AF49-E0E96EC2AB55

**EMPLOYEE AGREEMENT**

Dean Heimbach _____ ("Employee") wishes to be employed by FMR LLC and/or any entity that is directly or indirectly, wholly or in part, owned or controlled by or under common control with FMR LLC (the "Fidelity Companies"). As a condition of employment, Employee and the Fidelity Companies agree to abide by this Agreement. This Agreement describes certain aspects of Employee's employment, protects Confidential Information and goodwill of the Fidelity Companies, and assists the Fidelity Companies in complying with their legal, regulatory and other obligations.

1.  Confidential Information.  To assist Employee in the performance of his/her duties, the Fidelity Companies agree to provide to Employee training and/or education regarding the Fidelity Companies' business methods and agree to provide to Employee access to certain Confidential Information belonging to the Fidelity Companies.  Confidential Information consists of all information pertaining to the business of any of the Fidelity Companies that is not generally known to the public at the time made known to Employee.  It includes but is not limited to trade secrets; secret, confidential, and proprietary information; information protected by the attorney-client privilege; marketing, financial, research, trading, portfolio, and sales information; computer passwords and program designs; proprietary computer software designs and hardware configurations; proprietary technology; new product and service ideas; business, pricing, and marketing plans; customers, prospect, vendor and personnel lists; financial and other personal information regarding customers and employees; confidential information about other companies and their products; and information expressly designated as "Fidelity Highly Confidential," "Fidelity Confidential," or "Fidelity Internal."  All Confidential Information is imparted to Employee in a relationship of confidence.  As a condition and in consideration of the Fidelity Companies' agreement to provide Employee with training and/or education and Confidential Information, Employee agrees that during his/her employment and thereafter, Employee will not copy, reproduce, use, disclose, or discuss in any manner, in whole or in part, any Confidential Information unless (1) necessary for Employee to carry out his/her job; (2) necessary for employees or other agents of the Fidelity Companies to carry out their duties and responsibilities; or (3) authorized in writing by the Fidelity Companies.  Employee also will not retain any copies, notes, or excerpts of Confidential Information upon termination of his/her employment.  Employee will promptly notify the Fidelity Companies of any inadvertent, unauthorized, or negligent copying, reproduction, use, disclosure, or discussion of Confidential Information.  Employee will not open, read, or in any way access Confidential Information without authorization.

2.  Systems Access.  In order to carry out his/her responsibilities, Employee may be given access to various computer systems and passwords, user identifications, or other authenticating information ("password(s)").  Employee will not disclose his/her password(s) to anyone except in accordance with Fidelity policy.  While incidental personal use of systems may occur, this is not the purpose of providing access; rather, all systems generally are to be used for legitimate Fidelity business purposes only, and all items created, accessed, or stored will be treated as Fidelity property for all purposes, including but not limited to monitoring, access, recording, review, and disclosure by Fidelity.  Employee will adhere to all software licensing or other agreements applicable to systems and to Fidelity's expectations and policies regarding systems usage. Employee's authorization to access Fidelity systems shall expire when Employee leaves Fidelity's employ.

3.  Company Property.  Upon termination of Employee's employment, in the event Employee's employment no longer requires access to Confidential Information, or at any earlier time as requested by the Fidelity Companies, Employee will return all company property, including but not limited to his/her identification badge, company credit cards, company-owned equipment (such as cellular telephones, beepers, and laptop computers), and all documents and materials received from or created for or by any of the Fidelity Companies, including but not limited to Confidential Information.

4.  Outside Business Activities.  So long as Employee is employed by the Fidelity Companies, Employee will not engage in any other employment or business activities unless Employee receives prior written approval from the Fidelity Companies in accordance with applicable policies and procedures.  Approval for outside activities may be withdrawn at any time.

5.  Ethics and Outside Brokerage Accounts.  So long as Employee is employed by the Fidelity Companies, Employee will adhere to the Code of Ethics for Personal Investing and the Statement of Policies and Procedures on Insider Trading and all other policies, procedures or guidelines regarding Fidelity's standards for the proper conduct of business. If Employee is an employee of or associated with a registered broker/dealer or registered with the New York Stock Exchange or the Financial Industry Regulatory Authority, Employee will comply with industry agreements, standards, and regulations, and all special policies, compliance standards and guidelines of the Fidelity Companies applicable to those in regulated businesses.  Neither Employee nor Employee's spouse will maintain any brokerage account that either of Employee or Employee's spouse owns or in which either Employee or Employee's spouse has a beneficial interest through any non-Fidelity broker-dealer unless Employee receives prior written approval from the Fidelity Companies in accordance with applicable policies and procedures.  Approval for an outside account may be withdrawn at any time.

6.  Non-solicitation.  In consideration of the training and/or education and access to Confidential Information provided by the Fidelity Companies, and so as to enforce Employee's agreement regarding such Confidential Information, Employee agrees that during his/her employment and for a period of one year following his/her separation from employment by the Fidelity Companies, Employee will not use any Confidential Information belonging to the Fidelity Companies to directly or indirectly, on his/her own behalf or on behalf of anyone else or any company, solicit in any manner or induce or attempt to induce any customer or prospective customer of the Fidelity Companies to divert or take away all or any portion of his/her/its business from the Fidelity Companies or otherwise cease the relationship with the Fidelity Companies.  During this same period, Employee will not directly or indirectly, on his/her own behalf or on behalf of anyone else or any company, solicit in any

March 2008



Employee's Initials

DocuSign Envelope ID: 608EE0A0-7751-4BE2-AF49-E0E96EC2AB55

manner or induce or attempt to induce any customer or prospective customer with whom Employee had personal contact or about whom Employee otherwise learned during the course of Employee's employment with the Fidelity Companies. Employee also will not, directly or indirectly, on his/her own behalf or on behalf of anyone or any company, hire, solicit in any manner, or induce or attempt to induce any employee of any of the Fidelity Companies to leave his/her employment.

7.    Inventions and Use of Name or Likeness.  Employee will disclose and Employee hereby assigns to Fidelity as Fidelity's exclusive property all ideas, writings, inventions, products, methods, techniques, discoveries, improvements, and technical or business innovations (the "Inventions") that Employee makes or conceives, whether or not patentable or copyrightable, either solely or jointly with others, during the period of his/her employment.  All written or computer coded materials manifested in documents, systems design, disks, tapes, drawings, reports, specifications, data, memoranda, or otherwise (the "Materials") made or conceived during Employee's employment shall be considered works made for hire and all right, title, and interest in the Materials shall be owned by the Fidelity Companies.  To the extent that the Materials may be held not to be works made for hire, Employee hereby assigns the sole right, title, and interest in the Materials to the Fidelity Companies.  In addition, Employee will execute all necessary paperwork and provide all other reasonable assistance requested by any of the Fidelity Companies, either during his/her employment or thereafter, to enable the Fidelity Companies to obtain, maintain, or enforce in itself or its nominees, patents, copyrights, trademarks, or other legal protection on the Inventions in any and all countries.  These provisions with respect to Inventions and Materials apply only to Inventions and Materials which (i) are along the lines of the business or work of any of the Fidelity Companies; (ii) result from or are suggested by any work which Employee does for the Fidelity Companies; (iii) are made or conceived using equipment or other materials of the Fidelity Companies; or (iv) are made or conceived during regular hours of work.  These provisions do not apply to any invention that qualifies fully under the terms of California Labor Code Section 2870.  In addition, Employee hereby authorizes the Fidelity Companies to use, publish, and copyright all or part of his/her name, voice, picture, portrait, and likeness as the Fidelity Companies may decide in their sole discretion, in all media and types of advertising for any product or service or for any other lawful purpose, without review by Employee.

8.    Agreements with Others.  Employee represents and warrants that his/her employment by the Fidelity Companies will not require Employee to violate any agreement Employee may have with any employer or other business, and that Employee will not engage in any activities in violation of any such agreement.  Without limiting the foregoing, Employee will not use or disclose to the Fidelity Companies any confidential information belonging to others.  Employee further represents and warrants that Employee is not a party to any agreement, and Employee owes no duty to anyone, that limits or affects his/her ability to perform his/her duties for the Fidelity Companies.  Employee has attached to this Agreement a list of all confidentiality, inventions, non-solicitation, non-compete, or other restrictive agreements to which Employee is or has been a party.

9.    At Will Employment.  Employee's employment by the Fidelity Companies is at will and may be terminated by Employee or by the Fidelity Companies at any time and for any reason, with or without cause or notice, during or after any applicable initial evaluation period.

10.    Miscellaneous.  This agreement will continue in full force and effect throughout Employee's tenure with any of the Fidelity Companies, regardless of any changes in Employee's responsibilities, the position Employee holds or the particular Fidelity Company that employs Employee.  Any agreement contrary to any of the provisions of this agreement or modifying this agreement in any way must be in writing and must be signed by the President or Human Resources Vice President of the Fidelity Company for which Employee works. Employee will disclose the existence and terms of this Agreement to any future employer of Employee.  Employee's obligations under this Agreement shall survive the termination of Employee's employment with the Fidelity Companies.  As to the provisions pertaining to Confidential Information, Employee's obligations shall continue until such time as the Confidential Information becomes known to the general public through no action on Employee's part.  Any violation of this Agreement will cause irreparable damage to the Fidelity Companies or any of them.  Therefore, the Fidelity Companies or any of them shall have the right to seek specific enforcement of this Agreement through equitable and injunctive relief, in addition to any other remedies available. This agreement will be for the benefit of the Fidelity Companies, its successors and its assigns.  This agreement is governed in accordance with Massachusetts law and is signed under seal.

**This agreement contains important information regarding the terms of Employee's employment with the Fidelity Companies.  Employee and the Fidelity Companies hereby agree to adhere to it.**

Jun-18-2010  |  13:30 PT

_____    6/18/2010
                                      **Date**

_____
**Employee Corporate ID**

_Laurel A. Link_

_____    06/18/2010
**Laurel A. Link**                    **Date**
**Fidelity Representative**

2

March 2008

# Exhibit 2

## AFFIDAVIT OF DEAN HEIMBACH

DEAN HEIMBACH, being first duly sworn, states as follows:

1.      My name is Dean Heimbach and I am over the age of 18.  Except where otherwise indicated,

the statements contained herein are based on my personal knowledge.  I was employed by Fidelity

Brokerage Services LLC ("Fidelity") as an Investor Center Account Executive in Brea Orange

County, California until I resigned my employment effective, December 13, 2012. I am now

employed by Capstone Affluent Strategies, which is affiliated with LPL Financial ("LPL").

2.      I hereby state that I have returned to Leslie Blickenstaff at Fidelity, and therefore do not have

in my possession, custody or control, customer lists (including any Christmas or holiday card lists),

records, electronic data, computer files, or documents pertaining to Fidelity customers  or individuals

or entities I became aware of through my employment at Fidelity, including but not limited to names,

phone numbers, addresses and/or e-mail addresses, account numbers and/or financial and/or account

information of Fidelity customers whether in original, copied, computerized, handwritten, or any

other form.  This includes any documents created either during or after I left my employment with

Fidelity that contain information pertaining to Fidelity clients that I worked with or Fidelity clients or

individuals or entities I became aware of through my employment at Fidelity, including information

created from my memory.  This includes information kept at my place of employment or personally.

For electronically maintained information, after printing a copy to return, I have secured the deletion

of that information from all computer files or other electronic equipment, including, cellular

telephones, personal data assistants, DVDs, CD-ROMs, USB storage devices, floppy disks, Zip

drives, flash drives memory cards or other electronic devices within my employer's custody or

control.

3.      I have not given any of the above documents or information or copies thereof to any other

person or entity, including LPL or Capstone Affluent Strategies.

Pursuant to 28 USC §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____          _____

                                                      Dean Heimbach

Sworn to and subscribed before me
this _____ day of _____, 2013

_____
Notary Public

# Exhibit 3

## AFFIDAVIT OF DEAN HEIMBACH

DEAN HEIMBACH, being first duly sworn, states as follows:

1.       My name is Dean Heimbach and I am over the age of 18.  Except where otherwise indicated, the statements contained herein are based on my personal knowledge.  I was employed by Fidelity Brokerage Services LLC ("Fidelity") as an Investor Center Account Executive in Brea Orange County, California until I resigned my employment effective, December 13, 2012. I am now employed by Capstone Affluent Strategies, which is affiliated with LPL Financial ("LPL").

2.       I hereby state that I have returned to Leslie Blickenstaff at Fidelity, and therefore do not have in my possession, custody or control, customer lists (including any Christmas or holiday card lists), records, electronic data, computer files, or documents pertaining to Fidelity customers or individuals or entities I became aware of through my employment at Fidelity, including but not limited to names, phone numbers, addresses and/or e-mail addresses, account numbers and/or financial and/or account information of Fidelity customers whether in original, copied, computerized, handwritten, or any other form.  This includes any documents created either during or after I left my employment with Fidelity that contain information pertaining to Fidelity clients that I worked with or Fidelity clients or individuals or entities I became aware of through my employment at Fidelity, including information created from my memory.  This includes information kept at my place of employment or personally. For electronically maintained information, after printing a copy to return, I have secured the deletion of that information from all computer files or other electronic equipment, including, cellular telephones, personal data assistants, DVDs, CD-ROMs, USB storage devices, floppy disks, Zip drives, flash drives memory cards or other electronic devices within my employer's custody or control.

3.       In connection with sending out an announcement of my new employment, Capstone Affluent Strategies had access to customer information I am returning.   I have not given any of the above documents or information or copies thereof to any other person or entity, including LPL.  As of the

1

date of this Affidavit, neither LPL nor Capstone Affluent Strategies has copies of the above

information in their possession in any form.

4.      I will abide by the obligations contained in my Employee Agreement with Fidelity, a copy of

which is attached hereto and incorporated herein as Exhibit A.

Pursuant to 28 USC §1746, I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on _____ 1/24/13 _____          _Dean W. Heimbach_
                                          Dean Heimbach


Sworn to and subscribed before me
this _____ day of January, 2013

_____          _see attached Notary_
Notary Public

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _____ORANGE_____ }

On 24 JAN 13 before me, _____V. E. FLEMING_____ ,
Date                Here Insert Name and Title of the Officer

personally appeared _____Dean HEIMBACH_____
                                              Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
                      Signature of Notary Public

V. E. FLEMING
Commission # 1994419
Notary Public - California
Orange County
My Comm. Expires Oct 19, 2016

Place Notary Seal Above

------ **OPTIONAL** ------

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer Is Representing: _____

© 2010 National Notary Association · NationalNotary.org · 1-800-US NOTARY (1-800-876-6827)      Item #5907