| | |
|---|---|
| 1 | MARVIN BARTEL #107531 |
|   | mbartel@bartelevans.com |
| 2 | MORGAN R. EVANS #198278 |
|   | mevans@bartelevans.com |
| 3 | BARTEL & EVANS LLP |
|   | 4695 MacArthur Court, Suite 1550 |
| 4 | Newport Beach, CA  92660 |
|   | Telephone:  (949) 752.3700 |
| 5 | Facsimile:   (949) 752.3701 |

Attorneys for Defendant
DEAN HEIMBACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, | Case No. CV 13-0573 AG (ANx) |
|  | Assigned for all Purposes to the Hon. Andrew Guilford |
| Plaintiff, |  |
| vs. | **DEFENDANT DEAN HEIMBACH'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF THE DECLARATION OF LINDA PARK** |
| DEAN HEIMBACH, |  |
| Defendant. |  |
|  | (Opposition to Plaintiff's Ex Parte Application for OSC re Preliminary Injunction; Declarations of Dean Heimbach and Robert Wrona; and Evidentiary Objections to Declarations of Michael MacDonald, Leslie Blickenstaff, and Eric Bronner, Filed Concurrently Herewith) |
|  | Date: April 29, 2013 |
|  | Time: 10:00 a.m. |
|  | Courtroom: 10D |

1

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LINDA PARK

1   Defendant Dean Heimbach ("Heimbach") hereby objects to and requests to
2   strike the following evidence presented by Plaintiff FIDELITY BROKERAGE
3   SERVICES LLC ("Plaintiff") Declaration of Linda Park in connection with
4   Plaintiff's ex parte application for an order to show cause re preliminary
5   injunction.  These objections are made in accordance with the Federal Rules of
6   Evidence.  Heimbach hereby incorporates by reference its concurrently filed
7   Opposition, which set forth the further bases for the evidentiary objection and
8   request to strike.  Heimbach will respectfully request the Court to sustain the
9   above objections and to strike the evidence referred to below.

| DECLARATION OF LINDA PARK | OBJECTIONS |
|---|---|
| 1.   Page 4, ¶12, lines 19-21. "Heimbach through LPL's counsel assured Fidelity that Heimbach had not initiated contact with customers other than sending the mailing announcing his new contact information." | 1.   No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 2.   Page 4, ¶12, lines 23-24. "That list contained names, addresses and telephone numbers for Fidelity customers." | 2.   No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801); Best Evidence Rule (Fed. R. Evid. 1002). |
| 3.   Page 5, ¶13, lines 1-6. "The customer, who identified | 3.   No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |

| DECLARATION OF LINDA PARK | OBJECTIONS |
|---|---|
| himself as 'B[redacted]' and indicated his wife's name was 'B[redacted]', reported that Heimbach had recently called him and asked him to move his accounts from Fidelity to Heimbach and asked to meet. The customer agreed to meet Heimbach at his home. When they met, Heimbach had pre-filled out customer account forms with the customer's personal and Fidelity account information already filled in. The customer called the internal Fidelity line and reported this because he was concerned that Heimbach had his personal and account information." | |
| 4. Page 5, ¶14, lines 9-10. "…yet this customer reported seeing forms with his personal and Fidelity account information pre-filled in." | 4. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 5. Page 5, ¶16, lines 20-21. "After Fidelity received notification | 5. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |

3

| DECLARATION OF<br>LINDA PARK | OBJECTIONS |
|---|---|
| from the Fidelity customer that Heimbach had this customer's personal and Fidelity account information…" | |
| 6. <u>Page 5, line 23 through page 6, line 2, ¶16.</u><br>"…I reviewed a report evidencing Heimbach's daily customer screen look-up activity in the days leading up to his December 13, 2012 resignation to see if there was any unusual activity.  The report provides the look-up activity of the Fidelity representative with the Corporate ID 'A486744'.  Corporate ID; A486744' belonged to Heimbach.  Under 'Interaction Date' the report provides the precise date and time Heimbach accessed a particular customer screen shot.  Under 'Account Number' (which has been redacted to protect that information), the report provides the accounts Heimbach looked up.  A true and correct copy of the | 6.     No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |

| DECLARATION OF LINDA PARK | OBJECTIONS |
|---|---|
| Customer Look Up History Report ("Look Up Report") is attached hereto as Exhibit 7." | |
| 7. Page 6, ¶17 in its entirety. | 7. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 8. Page 6, ¶19, lines 24-26. "Of the 75 look-ups Heimbach did on the day he resigned, 54 of them did not have a corresponding Siebel entry reflecting a customer interaction." | 8. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 9. Page 7, ¶20, lines 4-7. "Fidelity is damaged by the actual and threatened loss of customer goodwill and the potential loss of assets caused by Heimbach's misappropriation and use of Fidelity confidential and trade secret customer information and solicitation of Fidelity customers in violation of his Employee Agreement." | 9. No foundation (Fed. R. Evid. 602); Legal conclusion. |

1

2  Dated: April 22, 2013                BARTEL & EVANS LLP

3

4                                        By:  _____/s/ Marvin Bartel_____
                                                Marvin Bartel
5                                        Attorneys for Defendant DEAN HEIMBACH

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LINDA PARK