1  MARVIN BARTEL #107531
   mbartel@bartelevans.com
2  MORGAN R. EVANS #198278
   mevans@bartelevans.com
3  BARTEL & EVANS LLP
   4695 MacArthur Court, Suite 1550
4  Newport Beach, CA  92660
   Telephone:  (949) 752.3700
5  Facsimile:   (949) 752.3701

6  Attorneys for Defendant
   DEAN HEIMBACH

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>DEAN HEIMBACH,<br><br>  Defendant. | Case No. CV 13-0573 AG (ANx)<br>Assigned for all Purposes to the Hon. Andrew Guilford<br><br>**DEFENDANT DEAN HEIMBACH'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE PORTIONS OF THE DECLARATION OF LESLIE BLICKENSTAFF**<br><br>(Opposition to Plaintiff's Ex Parte Application for OSC re Preliminary Injunction; Declarations of Dean Heimbach and Robert Wrona; and Evidentiary Objections to Declarations of Michael MacDonald, Linda Park, and Eric Bronner, Filed Concurrently Herewith)<br><br>Date: April 29, 2013<br>Time: 10:00 a.m.<br>Courtroom: 10D |

1

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LESLIE BLICKENSTAFF

1  Defendant Dean Heimbach ("Heimbach") hereby objects to and requests to
2  strike the following evidence presented by Plaintiff FIDELITY BROKERAGE
3  SERVICES LLC ("Plaintiff") Declaration of Leslie Blickenstaff in connection
4  with Plaintiff's ex parte application for an order to show cause re preliminary
5  injunction.  These objections are made in accordance with the Federal Rules of
6  Evidence.  Heimbach hereby incorporates by reference its concurrently filed
7  Opposition, which set forth the further bases for the evidentiary objection and
8  request to strike.  Heimbach will respectfully request the Court to sustain the
9  above objections and to strike the evidence referred to below.

| DECLARATION OF LESLIE BLICKENSTAFF | OBJECTIONS |
|---|---|
| 1. Page 2, ¶4 in its entirety. | 1. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801); Best Evidence Rule (Fed. R. Evid. 1002). |
| 2. Page 2, ¶5, lines 25-27. "The only way Heimbach could have had knowledge of these customers and their contact information is by using confidential and trade secret information that he misappropriated from Fidelity during his employment." | 2. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 3. Page 4, ¶9, lines 5-18. "We informed Mr. Gillies that | 3. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801); Attorney- |

| | DECLARATION OF LESLIE BLICKENSTAFF | OBJECTIONS |
|---|---|---|
| 1-28 | Fidelity wanted Heimbach to sign an affidavit verifying that (1) Heimbach in fact had no such Fidelity confidential or trade secret information in his possession in any form, and (2) Heimbach had not provided any such information to any third party, including LPL.  In response, Mr. Gillies informed us that Heimbach had 'memorized names' of the customers he worked with while at Fidelity, looked up their contact information on the internet, and then used that information to send a letter to those customers announcing his new job and contact information at LPL.  Mr. Gillies told us that Heimbach only sent a written announcement of his new employment and was not soliciting Fidelity customers.  Given that Heimbach had already announced his new employment, Mr. Gillies agreed to have Heimbach sign a revised affidavit which indicated he | Client Privilege (Fed. R. Evid. 501). |

| DECLARATION OF LESLIE BLICKENSTAFF | OBJECTIONS |
|---|---|
| was returning a copy of all customer information in his possession, deleting any remaining copies and that he would honor his contractual obligations to Fidelity." | |
| 4. <u>Page 5, ¶11, lines 4-9.</u> "Specifically, the customer reported that Heimbach had recently contacted the customer in an attempt to get him to take his business to Heimbach's new firm. The customer agreed to have Heimbach come to his house to discuss possibly switching firms, but the customer was concerned because when Heimbach showed up at his house he had forms already filled out with the customer's personal and Fidelity account details." | 4. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |
| 5. <u>Page 5, ¶12, lines 10-12.</u> "First, this report contradicted the representations Heimbach and Mr. Gillies made that Heimbach had not solicited customers, but had only sent | 5. No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801). |

EVIDENTIARY OBJECTIONS TO THE DECLARATION OF LESLIE BLICKENSTAFF

| DECLARATION OF LESLIE BLICKENSTAFF | OBJECTIONS |
|---|---|
| an announcement about his new position." | |
| 6.   Page 6, ¶14, lines 8-9. "In short, Fidelity has only recently learned that Heimbach has solicited Fidelity's customers to transfer their business from Fidelity to LPL." | 6.   No foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 801); Legal conclusion. |

Dated: April 22, 2013        BARTEL & EVANS LLP

 By: _____/s/ Marvin Bartel_____
              Marvin Bartel
Attorneys for Defendant DEAN HEIMBACH